**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

ROBERTO DIAZ GARRIDO,

*Petitioner*,

v. No. 1:26-cv-02366-SMD-GJF

WARDEN OF THE TORRANCE COUNTY
DETENTION FACILITY, *et al*.,

*Respondents*.

**ORDER**

THIS MATTER is before the Court on Petitioner's Petition for Writ of Habeas Corpus. The Court has reviewed the parties' submissions, the record, and the relevant law, and for the reasons set forth below, the Petition is GRANTED.

**BACKGROUND**

Petitioner, a citizen of Cuba, entered the United States on an unknown date and at an unknown location. On December 27, 2018, he was ordered removed[1] and, on March 27, 2019, he was released on an order of supervision. *See* Doc. 1 at 13-15. He was taken into immigration custody on January 9, 2026. *Id.* at 4. There is no indication in the record that Petitioner has a criminal history or failed to comply with supervision requirements. *See* Docs. 1, 6.

Petitioner has filed two prior petitions, the first in the Southern District of Florida and the second in the Middle District of Florida. The first petition was dismissed without prejudice on April 16, 2026, with the court noting that, among other things, the Southern District of Florida was an improper venue because Petitioner's detainment was within the Middle District of Florida. *See*

[1] See Executive Office for Immigration Review, *Automated Case Information*, https://acis.eoir.justice.gov/en/caseInformation/ (last visited Oct. 22, 2026, using Petitioner's A-number and nationality).

*Verdecia Diaz as next friend of Robert Diaz Garrido v. U.S. Immigration and Customs Enforcement*, No. 1:26-cv-22585-AMC (S.D. Fla.), Doc. 4. The second petition was denied without prejudice on June 11, 2026, with the court noting that Petitioner's current detention was not yet unconstitutionally prolonged and that Petitioner may return to challenge his detention once it becomes so. *See Garrido v. Warden, S. Fla. Det. Facility*, No. 2:26-cv-01641-KCD-NPM, 2026 WL 1689959, at *2 (M.D. Fla. June 11, 2026).

Petitioner states that he has not been provided a removal date or travel itinerary, nor informed whether Cuba will accept his return, and challenges his detention as unconstitutionally prolonged in violation of the Due Process Clause of the Fifth Amendment. Doc. 1 at 6.

## LEGAL STANDARD

An application for habeas corpus pursuant to § 2241 may be granted only if the petitioner "is in custody in violation of the Constitution, or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Federal courts have habeas jurisdiction to examine the statutory and constitutional bases for an immigration detention unrelated to a final order of removal. *See Demore v. Kim*, 538 U.S. 510, 517–18 (2003); *see also Ferry v. Gonzales*, 457 F.3d 1117, 1131 (10th Cir. 2006) (holding that the district court properly exercised jurisdiction over a habeas petition challenging continued detention without a bonding hearing); *Soberanes v. Comfort*, 388 F.3d 1305, 1310 (10th Cir. 2004) ("Challenges to immigration detention are properly brought directly through habeas.").

## DISCUSSION

### I. The Court Has Subject Matter Jurisdiction

The Court has subject matter jurisdiction to review Petitioner's claims. *See Tuck v. United Serv.'s Auto. Ass'n*, 859 F.2d 842, 844 (10th Cir. 1988) (stating that a federal court has an independent obligation to assure itself of subject matter jurisdiction). Petitioner challenges his

continued detention as a violation of the Due Process Clause. That constitutional claim differs from a challenge to a removal determination or bond eligibility. *See Ochieng v. Mukasey*, 520 F.3d 1110, 1115 (10th Cir. 2008) (citing *Demore*, 538 U.S. at 517). As one court explained, "[w]here a petitioner 'does not challenge any final order of removal, but challenges his detention prior to the issuance of any such order' the jurisdiction-stripping provisions do not apply." *Noori v. LaRose*, No. 25-cv-01824-GPC-MSB, 2025 WL 2800149, at *8 (S.D. Cal. Oct. 1, 2025) (quoting *Flores-Torres v. Mukasey*, 548 F.3d 708, 711 (9th Cir. 2008)). The Court finds that reasoning persuasive.

II. Statutory Framework: 8 U.S.C. § 1231

Under § 1231(a)(1), the government has a 90-day period in which to remove a noncitizen after a removal order becomes final. If the government is unable to effect removal within that 90-day period, continued detention becomes discretionary. *See* 8 U.S.C. § 1231(a)(6). Indefinite detention, however, is not permitted. *Zadvydas v. Davis*, 533 U.S. 678, 689 (2001) ("In our view, the statute, read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States. It does not permit indefinite detention.").

In *Zadvydas*, the Supreme Court held, "if removal is not reasonably foreseeable, the court should hold continued detention unreasonable and no longer authorized by statute." *Id.* at 699–700. If removal is not practically attainable, detention no longer serves its statutory purpose of "assuring the alien's presence at the moment of removal." *Id.* at 699. The Court established a "presumptively reasonable period of detention" of six months "for the sake of uniform administration in the federal courts." *Id.* at 701. After this six-month period, if the noncitizen provides good reason to believe that there is no significant likelihood of removal in the reasonably

foreseeable future, the government must respond with evidence sufficient to rebut the showing. *Id.*

Courts typically consider the cumulative time spent in detention when evaluating a habeas claim challenging detention as unreasonable per *Zadvydas*. *Vo v. Bondi*, No. 2:25-cv-02244-DGE, 2025 WL 3653722, at *3 (W.D. Wash. Dec. 17, 2025) ("The presumptively reasonable period of detention does not reset each time a noncitizen is detained; rather, the aggregate time in detention post removal order is considered."); *see, e.g.*, *Giorges v. Kaiser*, No. 25-cv-07683-NW, 2025 WL 2898967, at *8 n.5 (N.D. Cal Oct. 10, 2025); *Bulle v. Wesling*, No. 26-cv-00019-JJM-AEM, 2026 WL 183840, at *4 (D.R.I. Jan. 23, 2026).

III. <u>Petitioner's Continued Detention Violates 8 U.S.C. § 1231 Because His Removal Is Not Reasonably Foreseeable</u>

Once the presumptively constitutional six-month period under *Zadvydas* elapses, Petitioner bears the burden to show his detention has become prolonged and potentially unlawful because there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. *See Zadvydas*, 533 U.S. at 680. The Court finds that Petitioner has met his initial burden of proof and Respondents have failed to rebut this showing.

Here, Petitioner's detention period exceeds the presumptively constitutional six-month limit. Petitioner was detained on January 9, 2026, under a final order of removal. Thus, as of the present date, he has been detained for over nine months.

In *Abiodun v. Musakey*, the court distinguished *Zadvydas*, noting that the *Zadvydas* petitioners faced indefinite detention because "their countries of origin would not accept them." 264 F. App'x 726, 729 (10th Cir. 2008). By contrast, the petitioner's country of origin in *Abiodun* had issued travel documents, and ICE had successfully placed the petitioner on chartered flights,

leading the court to find a likelihood of removal in the foreseeable future. The present case is more analogous to *Zadvydas* and distinguishable from *Abiodun*.

Petitioner sets forth that Respondents have detained him since January 2026, and for over six months since his order of removal became final on December 27, 2018, and have not provided any itinerary for removal nor any details regarding whether Cuba will accept him. *See* Doc. 1 at 2, 6. Petitioner has therefore shown there is good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future. The Court notes that this period does not include any length of detention immediately following the final order issued on December 27, 2018, and prior to his supervised release on March 27, 2019, which may add an additional three months. *See Vo v. Bondi*, 2025 WL 3653722, at *3.

Respondents have not offered any facts regarding the acquisition of necessary documents or the scheduling of concrete travel plans. *See* Doc. 6. Thus, Respondents have failed to rebut Petitioner's showing. *See Torres Miranda v. Fikes*, No. 1:26-cv-03145-MIS-KRS, 2026 WL 3150993, at *3 (D.N.M. Oct. 21, 2026) (collecting cases, granting release, and noting that the "Court is satisfied that Petitioner's unreasonably prolonged detention and the Government's unsuccessful attempts to repatriate him with Cuba satisfies Petitioner's burden").

**CONCLUSION**

Accordingly, it is hereby **ORDERED**:

1) The Petition for Writ of Habeas Corpus (Doc. 1) is **GRANTED**;
2) Respondents **SHALL** release Petitioner no later than October 26, 2026, without any new conditions of release;

3) Respondents **SHALL** provide Petitioner with all his personal belongings and facilitate Petitioner's transportation from the detention facility and provide all necessary identity and travel documents to return to his primary address;

4) Respondents are **ENJOINED** from re-arresting or re-detaining Petitioner absent a change in circumstances showing that his removal is reasonably foreseeable, for instance, through communications from a foreign government agreeing to accept him, the procurement of travel documents, and a credible anticipated timeline for removal;

5) Respondents **SHALL NOT** remove Petitioner to any third country without first providing him with constitutionally compliant procedures, including written notice in a language he can understand and the opportunity to challenge his removal and present a fear-based claim;

6) Respondents **SHALL** file a notice of compliance within two business days of Petitioner's release. This notice must specify: (1) the date, (2) the time, and (3) the manner of departure (e.g., transport to a bus station, designated drop-off location, or other arrangements). Additionally, the notice must include (4) a description or copies of all discharge and travel documents provided to Petitioner at the time of release;

7) The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

**IT IS SO ORDERED**.

**SARAH M. DAVENPORT**
**UNITED STATES DISTRICT JUDGE**